# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1180 | **DATE** | 8/3/2010 |
| **CASE TITLE** | Mark Dixon vs. Donald Gaetz | | |

**DOCKET ENTRY TEXT**

Respondent's motion to dismiss (7) petitioner's petition for a writ of habeas corpus because it is time-barred is granted

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

    Presently before me is respondent Donald Gaetz's motion to dismiss the petition for a writ of habeas corpus filed by Mark Dixon ("Dixon"), who is currently incarcerated in the Menard Correctional Center in Menard, Illinois. Respondent correctly contends that Dixon's petition is untimely. Accordingly, the motion to dismiss is granted.

    In October 2000, Dixon was sentenced to thirty-five years in prison after being convicted of first degree murder and attempted murder. *See* Ex. C. Dixon filed a direct appeal of his conviction. After his appeal was denied by both the trial court and the appellate court, *see* Ex. A, he filed a petition for leave to appeal ("PLA") with the Illinois Supreme Court. On October 7, 2003, his PLA was denied. *See* Ex. B. Although Dixon did not petition the United States Supreme Court for a writ of certiorari, the statute of limitations was tolled for the ninety-day period during which he could have petitioned. *See, e.g.*, *Jones v. Hulick*, 449 F.3d 784, 787-88 (7th Cir. 2006) ("The time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review is not counted because a decision does not become final until the time for petitioning for certiorari has passed."); *see also Martinez v. Jones*, 556 F.3d 637, 638 (7th Cir. 2009). As a result, the statute of limitations began to run ninety days after his PLA was denied (i.e., January 5, 2004). *See, e.g.*, *Jones*, 449 F.3d at 787.

    Dixon later filed a motion for post-conviction relief on June 9, 2004. *See* Ex. C. This had the effect of tolling the limitations period once again. *See, e.g.*, *U.S. ex rel. Childs v. Gaetz*, No. 09 C 709, 2010 WL 55653, at *2 (N.D. Ill. Jan. 5, 2010). (By that point, 156 days had passed). These post-conviction proceedings ended on September 27, 2006, when the Illinois Supreme Court denied his PLA. *See* Ex. D.

    On August 31, 2007, Dixon filed a motion for leave to file a successive post-conviction petition. *See* Ex. F. The motion was denied by the trial court. Dixon petitioned for leave to appeal the ruling. The PLA was denied by the Illinois Supreme Court on September 30, 2009. *See* Ex. G. Under Illinois law, only one PLA may be filed without leave of court. For all successive petitions, petitioners must first obtain leave. 725 ILCS 5/122-1(f) ("Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or

her initial post-conviction proceedings and prejudice results from that failure."). Since Dixon's successive petition was denied, it cannot be deemed to have been "properly filed," and thus, the statute of limitations was not tolled during the second PLA's pendency. *Martinez v. Jones*, 556 F.3d 637, 638-39 (7th Cir. 2009) (citations omitted) ("[The Seventh Circuit has] clearly held that where state law requires pre-filing authorization -- such as an application for permission to file a successive petition--simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it.").

Thus, the statute of limitations began to run again on September 27, 2006, when the Illinois Supreme Court denied his first PLA. Dixon filed the instant petition for habeas corpus on February 22, 2010. Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." Giving Dixon every benefit of the doubt, it is clear that more than a year had elapsed by the time that he filed his petition. As a result, the petition is untimely.

Dixon does not dispute his failure to meet the one-year deadline. Instead, he claims his petition's untimeliness should be ignored because he is actually innocent. *See* Resp. at 1 ("[S]elf defense, if proven, can result in a form of actual innocence on charges of First Degree Murder, to go unrealized. . . . of greater importance, the individual interest in avoiding injustice is most compelling in the context of actual innocence . . . ."). However, the Seventh Circuit has held that actual innocence cannot be used to cure an untimely petition. *Escamilla v. Jungwirth*, 426 F.3d 868, 871-72 (7th Cir. 2005) ("'[A]ctual innocence' is unrelated to the statutory timeliness rules . . . . Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action."). Thus, the only way in which Dixon's "assertion of actual innocence could toll the one-year statute of limitations period would be if it were based on a factual predicate that could not have been discovered earlier through the exercise of due diligence." *Blackwell v. McCann*, No. 06-CV-06789, 2008 WL 4442631, at *7 (N.D. Ill. Sept. 29, 2008); 28 U.S.C. § 2244(d)(1)(D). Dixon makes no such argument here. Instead, he asserts the same argument that has asserted for several years: "trial counsel's failure to call forth an eye witness, (Corey Fulton) w ho would have supported [petitioner's] theory of self defense, amounted to an error of constitutional magnitude that negatively prejudiced the respondent's entire trial, leading to a miscarriage of justice his claim is that his trial counsel failed to call a witness who would have corroborated his theory that he acted self-defense." Resp. at 1.

Under Rule 11 of the Rules Governing § 2254 Cases, a court is required to "issue or deny a certificate of appealability ["COA"] when it enters a final order adverse to the applicant." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)). The Seventh Circuit has held that "[w]hether a given petition is timely is a question under § 2244, not under the Constitution, and therefore an error in treating a collateral attack as untimely is not enough to support a certificate of appealability." *Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2000); *see also Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003). ("If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal."). Since Dixon's petition was untimely, his request for a COA is denied.